**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

DARRYN PITMAN,                )
                                     )
               Plaintiff,      )
                                     )
                 v.            )      No. 08-4237-SSA-CV-C-WAK
                                     )
MICHAEL J. ASTRUE, Commissioner,    )
Social Security Administration,       )
                                     )
               Defendant.   )

## ORDER

Claimant Darryn Pitman seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*.  He claims he became disabled beginning on November 16, 2005, due to problems with his "right ankle, stint, knots on head, back, diabetes."  (TR 133.) The parties' briefs were fully submitted, and on September 14, 2009, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons.  The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'  42 U.S.C. § 423(d)(2)(A) (2003)."  Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole.  42

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Darryn Pitman is in his forties, has an eighth-grade education and formerly worked as a union carpenter. An Administrative Law Judge (ALJ) found Pitman had severe impairments that included cervical degenerative disc disease and thoracic degenerative joint disease. Both conditions were confirmed with X-rays and CT scans. He had other, nonsevere impairments that either responded to treatment or could have responded to treatment if plaintiff had been compliant with his medication, diet and tobacco use.

2

The ALJ considered the evidence and determined claimant had the residual functional capacity to perform light work. The ALJ found plaintiff could "stand or walk, off and on, for up to 4 hours in a regular workday and sit, off and on, for up to 4 hours in a regular workday." A hypothetical was posed to a vocational expert, who identified representative jobs such as usher, bakery worker and counter clerk, which plaintiff should be able to do.

At issue in this request for judicial review is whether the Commissioner has demonstrated there are jobs in the economy plaintiff can do and whether plaintiff, after considering his standing and walking limitations, still has the residual functional capacity for light work.

Plaintiff asserts the full range of "light work" is defined in SSR 83 - 10 as requiring standing or walking, off and on, for a total of approximately six hours in an eight-hour workday. The Dictionary of Occupational Titles (DOT) identifies the three jobs cited by the ALJ that plaintiff could do as being at the light level. The ALJ indicated the vocational expert's testimony is consistent with the information contained in the DOT, and plaintiff asserts this is reversible error.

Light level work is defined in the regulations as including approximately six hours of walking or standing in an eight-hour workday. Plaintiff's residual functional capacity assessment, however, limits him to walking or standing only four hours in a workday. This conflict in the ALJ's decision has not been explained. Therefore, the case will be remanded to the Commissioner for a determination of whether plaintiff's residual functional capacity has been properly determined and whether there are other jobs in the national economy that plaintiff could perform.

For these reasons and those set forth in more detail in the claimant's brief, it is

ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for further development of the record or reconsideration in accord with this opinion.

Dated this 22nd day of September, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3